IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**VINCENT F. RIVERA,**

    **Plaintiff,**

v.	Case No. 2:07-cv-00049

**JOE MANCHIN, Chief Executive
and Governor of the State of West Virginia,
WEST VIRGINIA DEPARTMENT OF CORRECTIONS,
U.S. SENATOR ROBERT C. BYRD and
U.S. SENATOR JOHN D. ROCKEFELLER, personally
and officially,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On January 23, 2007, the Clerk's Office received a Motion for Leave to Proceed in forma pauperis (docket sheet document # 1) and a Complaint (# 2) filed by Plaintiff, Vincent F. Rivera. This matter is assigned to the Honorable John T. Copenhaver, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, and notwithstanding any filing fee, the court must screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court

must dismiss the case if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.  Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory.  Denton v. Hernandez, 504 U.S. 25 (1992).  A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  This screening is done prior to consideration of the Motion for Leave to Proceed in forma pauperis.

### PLAINTIFF'S CLAIMS AND REQUESTS FOR RELIEF

Plaintiff is a Florida state prisoner.  Plaintiff's Complaint alleges four counts as follows:

> COUNT 1
> Deprivation of civil rights §§ 1981, 1983, 1985(3), 1986 & 1997(a), (d) & (e), for violations of Plaintiff's/Petitioner's federal constitutional rights under the 1st, 4th, 5th, 8th, 10th, 13th, 14th, 15th & 24th Amdts. to the U.S. Constitution.
>
> COUNT 2
> Conspiracy to deny Plaintiff's/Petitioner's rights.
>
> COUNT 3
> Violation of federal mail fraud statute, 18 U.S.C. § 1341.
>
> COUNT 4
> Violation of federal statute, 18 U.S.C. § 1343.

(# 2 at 1).  The remainder of Plaintiff's Complaint is difficult to comprehend.  It appears that Plaintiff is alleging that the

Governor of the State of West Virginia, Joe Manchin, and the West Virginia Division of Corrections are engaging in a consumer fraud scheme with pharmaceutical companies concerning the diversion of name-brand drug products from the State's prisons to the private sector.  Plaintiff further alleges that this is a nationwide scheme conducted by the governors of all 50 states, which are using a scheme allegedly being conducted in Florida as a model.  (Id. at 1-2).

Plaintiff seeks an award of ten trillion dollars in various currency, injunctive relief to prohibit the defendants from violating Plaintiff's federal constitutional rights, a declaratory judgment declaring the rights of the parties, an award of costs and reasonable attorney's fees, and any further relief the court deems just and proper.  (Id. at 2).

## ANALYSIS

There are numerous problems with Plaintiff's Complaint.  First, Plaintiff is not incarcerated in the State of West Virginia.  Therefore, the State of West Virginia is not his custodian, and Plaintiff has alleged no connection between his incarceration in Florida and these defendants, other than to claim that the State of West Virginia is engaging in an alleged fraud scheme similar to one alleged by Plaintiff to be on-going in the State of Florida.  The undersigned's staff has determined that Plaintiff has filed the same sort of complaint in numerous other federal courts around the

nation.  Because Plaintiff is not incarcerated here, no cause of action concerning his conditions of confinement could have arisen in this district.

Furthermore, Plaintiff has taken a "kitchen sink" approach in his Complaint, listing a cornucopia of amendments to the United States Constitution and alleging that the defendants have violated his rights thereunder.  However, Plaintiff has not specifically stated how the alleged actions of the defendants have violated any of his federal constitutional rights, and he has made absolutely no allegations at all against either Senator Byrd or Senator Rockefeller.  For these reasons, the undersigned proposes that the presiding District Judge **FIND** that the Complaint fails to state a claim against any of the defendants.

Furthermore, to the extent that Plaintiff has alleged violations of federal criminal statutes, namely 18 U.S.C. §§ 1341 (mail fraud) and 1343 (fraud by wire, radio or television), a private citizen cannot bring a civil suit on these bases.  Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Complaint fails to state a claim upon which relief can be granted with regard to those counts.

Moreover, to the extent that Plaintiff has named the Governor in his official capacity, and the West Virginia Division of Corrections, as defendants, these defendants are immune from monetary damages.  Accordingly, the undersigned proposes that the

4

presiding District Judge **FIND** that Plaintiff's Complaint seeks monetary relief from defendants who are immune therefrom.

Plaintiff also filed a "Memorandum of Law" in support of his Complaint (# 3). In that document, Plaintiff alleges that the January 2, 2006 accident at the Sago Mine, in Tallmansville, West Virginia, in which 12 coal miners died, was, in fact, an incident of "industrial sabotage," to eliminate several of the miners, who were "government informants" for the Environmental Protection Agency ("EPA"), and who had been participating in EPA investigations of Anker Coal and International Coal Group, the owner of the Sago Mine. (# 3 at 1). Plaintiff's "Memorandum of Law" also contains statements about alleged "bioterrorism" and corruption by officials in the healthcare industry. (Id.)

Plaintiff has not stated how the alleged actions discussed in his Complaint or his "Memorandum of Law" have caused him any actual injury. Moreover, the allegations contained in both of those documents lack any basis in law or fact.

### RECOMMENDATION

For all of the reasons state herein, the undersigned proposes that the presiding District Judge **FIND** that the allegations contained in Plaintiff's Complaint and his "Memorandum of Law" are frivolous, malicious and fail to state a claim upon which relief can be granted. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this civil action, pursuant to the

provisions of 28 U.S.C. § 1915A.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

    February 21, 2007                                *Mary E. Stanley*
        Date                                       Mary E. Stanley
                                                   United States Magistrate Judge