UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


**VINCENT F. RIVERA,**

    **Plaintiff**

v.                                    Civil Action No. 2:07-00049

**JOE MANCHIN, Chief Executive
and Governor of the State of West Virginia and
WEST VIRGINIA DEPARTMENT OF CORRECTIONS and
U.S. SENATOR ROBERT C. BYRD and
U.S. SENATOR JOHN D. ROCKEFELLER, personally
and officially,**

    **Defendants.**


<u>MEMORANDUM OPINION AND ORDER</u>


On January 23, 2007, plaintiff, then and now an inmate in a Florida state prison, instituted this action <u>pro</u> <u>se</u>.  He alleged the following claims:

> COUNT 1:  Deprivation of civil rights §§ 1981, 1983, 1985(3), 1986& 1997(a), (d) & (e), for violations of Plaintiff's/Petitioner's federal constitutional rights under the 1st, 4th, 5th, 8th, 10th, 13th, 14th, 15th &24th Amdts. to the U.S. Constitution.
>
> COUNT 2: Conspiracy to deny Plaintiff's/Petitioner's rights.
>
> COUNT 3:  Violation of federal mail fraud statute, 18 U.S.C. §1341.
>
> COUNT 4:  Violation of federal statute, 18 U.S.C. § 1343.

The remaining allegations were difficult to comprehend. Plaintiff appeared to suggest, inter alia, that the Governor of the State of West Virginia and the West Virginia Division of Corrections were engaging in a consumer fraud scheme with pharmaceutical companies concerning the diversion of name-brand controlled substances from the State's prisons to the private sector.

On February 21, 2007, the United States Magistrate Judge recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915A as frivolous, malicious, and failing to state a claim. After receiving plaintiff's objection on March 5, 2007, and reviewing the matter de novo, the court adopted the magistrate judge's recommendation on August 30, 2007.

On September 17, 2007, plaintiff noticed an appeal. On October 4, 2007, plaintiff filed a "Motion for Judicial Notice" in this court while the appeal was pending. Inasmuch as the court lacked subject matter jurisdiction to review the motion at the time it was filed, and it further appearing that the motion is a fugitive document unrelated to the allegations of the complaint, it is ORDERED that the motion be, and it hereby is, denied.

On February 8, 2008, plaintiff was advised by the court of appeals that his appeal would be dismissed if the appellate filing fee was not paid to the Clerk of this court within 15 days.  On March 18, 2008, the mandate issued after plaintiff apparently failed to comply with the direction given by the court of appeals on February 8, 2008.

On May 15 and August 4, 2008, plaintiff moved to "Reopen the Judgment."  The bases for re-opening include the assertions that (1) the Prison Litigation Reform Act of 1995 ("PLRA") "was never intended to be anything more than a corporate profiteering tool[,]" (Mot. at 3 (May 15, 2008), and (2) a district judge entering an order pursuant to the PLRA is necessarily rendering an "advisory opinion."  (Mot. at 1 (Aug. 4, 2008)).  Neither contention warrants reopening the judgment.  The court, accordingly, ORDERS that the motions filed May 15 and August 4, 2008, be, and they hereby are, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and the plaintiff.

DATED: September 9, 2008

John T. Copenhaver, Jr.
United States District Judge